UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DIEDRE DANIEL as Mother & Natural Guardian  )
of KESTON CHARLES and DEIDRE DANIEL  )
 individually                                                                 }
                        .                                                           )
                                                                                      )          **COMPLAINT**
                                    Plaintiff,                            )
                                                                                      )          **JURY TRIAL DEMANDED**
               -against-                                                )
                                                                                      )          **ECF Case**
THE CITY OF NEW YORK                                       )
POLICE OFFICER JOHN DOE 1-10                    )
                                                                                      )           14-cv- 00259
                                                                                      )
                                                                                      )
                                    Defendants.                       )
------------------------------------------------------------X


**PHILIP SMALLMAN- ATTORNEY AT LAW**
MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street
Suite 906
Brooklyn, New York 11201

Phone (718) 488-7788

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DIEDRE DANIEL as mother and
natural guardian of KESTON CHARLES
and DIEDRE DANIEL, ind.

                   Plaintiff,

       -against-

THE CITY OF NEW YORK
POLICE OFFICER JOHN DOE 1-10

                 Defendants.
----------------------------------------------------------------

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF Case**

14-cv- 00259

      Plaintiff, by her attorneys, PHILIP SMALLMAN & MICHAEL COLIHAN, complaining of the defendants, above named, set forth and allege as follows

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1981,1983, & 1988, and by the United States Constitution, including its Fourth and Fourteenth Amendments. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just. Plaintiff also asserts supplemental state law claims .

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1981, 1983 & 1988. Jurisdiction is conferred upon this court by 42 U.S.C. § 1983, and 28 U.S.C. §§1331 and

1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights. This action is brought in the District where the defendant is located.

## JURY TRIAL DEMANDED

3. Plaintiff demands a trial by jury on each and every one of the claims pleaded herein pursuant to Federal Rule of Civil Procedure 38 (h)

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and ©.

## PARTIES

5. Plaintiff DIEDRE DANIEL is a citizen of the County of Kings, City and state of New York and she is the mother and natural guardian of KESTON CHARLES.

6. That KESTON CHARLES is an infant under the age of eighteen years.

7. Defendant THE CITY OF NEW YORK was and is at all times relevant herein a municipal entity created and authorized under the laws of the state of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of patrol and general law enforcement for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of police officers as said risk attaches to the public consumers of the services provided for by them.

8. Defendants POLICE OFFICER JOHN DOES 1-10 are and were at all times relevant herein duly appointed and acting officers, servants employees and agents of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendants were and are at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW

YORK, and was otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties .This defendant was at all times acting under the supervision of the New York City Police Department.

9.     That at all times herein mentioned, the individually named defendants, either personally or though their employees, were acting under color of law and/or in compliance with the official rules, regulations, law statutes, customs, usages and/or practices of the State of New York and/or CITY OF NEW YORK

## STATEMENT OF RELEVANT FACTS

10.     That on or about December 19-20, 2013, the plaintiff  KESTON CHARLES was lawfully at or near 512 Mother Gaston Boulevard,  County of Kings City and state of New York.

11.     That the defendants, without probable cause and without a warrant, unlawfully approached and assaulted the infant plaintiff KESTON CHARLES.

12.     That, upon information and belief, the defendants P.O. JOHN DOE 1-10 perjured themselves to members of the Kings County District Attorney's Office and lied under oath about KESTON CHARLES' commission of acts that never took place.

13.     That by reason of the foregoing the plaintiff has suffered serious and severe personal injuries , experienced pain & suffering before his wrongful death.
.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

14.     The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.
.

15. By their conduct and actions in assaulting the plaintiff, in committing perjury, in failing to intervene to stop the misconduct of other officers, as aforesaid,  defendants, and each of them, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

16. As a result of the foregoing, the infant plaintiff KESTON CHARLES suffered conscious pain and suffering, will be forced to spend money on medical treatment, and will be so compelled in the future, and has otherwise been damaged and injured.

## SECOND CLAIM- MONELL VIOLATION

17. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

18. That the City of New York is a "person" within the meaning of 42 USC Section 1983.

19. That City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by the plaintiff.

20 . Upon information & belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD,  and lawless officers who have previously

committed acts similar to those herein complained of, have a tendency and predisposition for unlawful, illegal and unconstitutional conduct and or have been poorly trained, supervised and disciplined.

21. A number of members of the New York City Police Department have been convicted of crimes involving corruption, perjury, making false allegations against civilians and other criminal activity.

22. In the year 2011, former Brooklyn South Narcotics Division officer Jerry Bowen was convicted of homicide and attempted murder while he was under indictment for other crimes.

23. Former NYPD Commissioner Bernard Kerik was convicted of corruption related crimes in connection with his employment with the NYPD and served time in federal prison.

24. In *Colon v the City of New York*, Nos. 09 cv 8, 09 cv 9 (JBW) 2009WL 4263362 (EDNY November 25, 2009), the federal court stated that an " informal inquiry by this court and among the judges of this court, as well as knowledge of cases in other federal & state courts has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the NYPD.

25. Despite the foregoing, the City of New York exercised deliberate indifference to the aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action. The City failed to properly train, retain supervise discipline and monitor the defendants ad other members of the service guilty of similar abuses.

26. The City's failure to act resulted in a violation of the plaintiff's constitutional rights

27. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

28. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individually named defendants . The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

29. There has been a pattern of abuse by officers of the NYPD as evidenced by numerous lawsuits by persons of color The actions include the following brought in the US District Court for the Eastern & Souther Districts of New York  Bey v  v NYC, et al 09-03595 , Strong v NYC et al, 10-01602,  Brown v NYC et al 11-02277 , Stephens v NYC et al 11-05281 , Rhone v the City of New York , 12-cv-00747  Goodwin v the City of New York, 04-01482. Weston v the City of New York, 06-1513 ; In this case the plaintiff was a 52 year old college graduate with no criminal record who had suffered from a stroke shortly before the incident. The plaintiff, who was employed at Wagner High School as a teacher's assistant, also had to fight eviction proceedings because he lived in an apartment owned by the New York City Housing Authority .Nielson v the City of New York , Patterson v NYC et al 10-cv-00231  Lawrence v The City of New York, 11-05066.  Archipoli v the City of New York, 10-1986 , where there were several plaintiffs, including a 17 year old boy, and 39 year old William Archipoli who was confined to a wheelchair at the time as he suffers from muscular dystrophy The plaintiffs were in their own home on Staten Island when P.O. Orsini and others entered 219 Jefferson Street. The officers drew guns on all, including the wheelchair bound plaintiff. Criminal charges were filed and later dismissed in Richmond County Criminal Court.;Coleman v the City of New York 11-2574, Rosenblum v the City of New York, 07 cv- 02158. Thompson v the City of New York, Ohagan v the City of New York 09-05597 Bennett The v City of New York, 11-1929.Bunche v the City of New York, 10-cv-5731.  Morrow v NYC et al 11- 03054  George v NYC et al 10-cv-

02407 Morrow v NYC et a; 11-03054  Butta et al v NYC, 11-cv-02843, Hewitt v NYC et al 09-00214, Goodwin v NYC 04-01482,, Olushesi v NYC et al 09- 01754, Patterson v NYC 10-00231, Johnson,v NYC et al 10-02407, Canlo v NYC 11-00052, Bennett v NYC, et al 11-cv-01929, , Hosang v NYC , et al 12-00751, Tung v NYC, 08-00181,  Green v NYC et al 09-01825 and Cummings v the City of New York Whittaker v NYC et al 08-03209, Mangal & Burton v NYC, 07-3777,  Knox v NYC et al 00-00027 and Cummings v the City of New York, 13-cv- 640

30 . Despite the foregoing, the City of New York exercised deliberate indifference to the aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action. The City failed to properly train, retain supervise discipline and monitor the defendants ad other members of the service guilty of similar abuses.

31. The City's failure to act resulted in a violation of the plaintiff's constitutional rights

32.   At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

33. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individually named defendants .  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

34. As a result of the foregoing, plaintiff was deprived of liberty, suffered  emotional

injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A THIRD CLAIM OF ACTION ON BEHALF OF THE PLAINTIFF DEIDRE DANIEL

35. Plaintiff DEIDRE DANIEL repeats, reallges and reinterates each and every allegation of the complaint as set forth in the paragraphs above

36. That the plaintiff DEIDRE DANIEL is the mother of the plaintiff KESTON CHARLES and as such is entitled to his society and companionship.

37. By reason of the foregoing the plaintiff DEIDRE DANIEL has been deprived of the society and services of the plaintiff KESTON CHARLES, was forced to spend money on medical treatment and will be so compelled in the future.

38. By reason of the foregoing the plaintiff DEIDRE DANIEL has been damaged and injured.

WHEREFORE, the plaintiff respectfully preys to the court for judgment upon each cause of action as follows:

a. Compensatory damages in an amount which this Court shall consider to be just and fair:

b. Punitive and exemplary damages in an amount which this Court shall consider to be

just & fair;

    c. Attorney's fees in an amount which this Court shall consider just & fair;

    d. Together with the costs and disbursements of this action and such other and further relief which this Court may seem just & proper.

DATED: BROOKLYN, NY

    January 14, 2014.

    ----------------/s/---------------------------

    PHILIP SMALLMAN, ESQ.

    MICHAEL COLIHAN (MC-0826)

    Attorneys for the Plaintiffs

    44 Court Street

    Suite 906

    Brooklyn, NY 11201

    (718) 488-7788